UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-CV-943 |
| | ) | |
| ANTONIO CHAPPELL AND | ) | |
| G & A TAX SERVICE LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff United States of America, at the request of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General, brings this action seeking an injunction barring the defendants from preparing federal tax returns, engaging in the business of preparing federal tax returns, and employing any person acting as a federal tax return preparer.   In support of this action, the United States alleges as follows:

### Jurisdiction and Venue

1.      Jurisdiction exists under 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. ("Internal Revenue Code" or "I.R.C.") §§ 7402, 7407, and 7408.

2.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b), as Antonio Chappell ("Chappell") resides in this judicial district and conducts business in this judicial district through his sole proprietorship, G & A Tax Service LLC ("G & A").

### The Defendants

3.      Chappell resides in Indianapolis, Indiana.

4.      Chappell is a tax preparer who owns, operates, and does business through G & A. Chappell reports the income and expenses of G & A on Schedule C of his personal income tax return

1

(Form 1040).

5.      G & A is registered as a domestic limited liability company under Indiana law.

Chappell is listed as the registered agent for G & A with the Office of Secretary of State of Indiana.

Upon information and belief, Chappell is at present the only owner and officer of G & A and

supervises all of the individuals who prepare federal income tax returns at G & A.

6.      G & A operates from two locations: 4857 Oakbrook Drive, Suite F, Indianapolis,

Indiana, and 4721 North Franklin Road, Indianapolis, Indiana.

7.      Through G & A, Chappell and other individuals prepare federal income tax returns for

customers.

8.      Chappell, through G & A, charges tax preparation customers a fee of up to $700 per

return.

9.      Chappell and George Mosley ("Mosley"), who is now deceased, founded G & A in

December 2013, after they worked together at two other Indianapolis-area tax preparation services.

10.      Chappell, Mosley, and others have prepared tax returns at G & A's Franklin Road

office.   Their employees and others have prepared tax returns at G & A's Oakbrook Drive office.

11.      Between 2014 and 2017, G & A prepared nearly 3,000 federal income tax returns for

others, nearly all of which were Individual Income Tax Returns, Forms 1040.

12.      Between 2011 and 2016, 2,985 of 2,999 (or 99.5%) of income tax returns prepared by

Chappell and Mosley (either while they were working at G & A or at a previous company) resulted in

refunds by the IRS.   Over 80% of the tax returns claimed the Earned Income Credit ("EIC").

13.      In 2017, 961 of 969 (or 99.3%) of income tax returns prepared by Chappell or others at

G & A resulted in refunds by the IRS, with an average refund of over $4,200.

14.      As of February 21, 2018, Chappell has prepared at least 279 federal income tax returns

for tax year 2017. All but one of those returns (or 99.6%) resulted in tax refunds.

### Chappell's Schemes Through G & A

15. Chappell, through G & A, falsifies reported income or losses on customers' tax returns in order to take advantage of the EIC, a benefit for working people with low to moderate income that reduces the amount of tax an eligible individual owes and that can result in a cash refund.

16. Specifically, Chappell prepares and files on behalf of his customers false Schedule Cs. A Schedule C is the form submitted with the Form 1040 to report income and expenses from a taxpayer's sole proprietorship. Income (or loss) reported for a sole proprietorship is used in calculating earned income for purposes of determining whether a taxpayer is entitled to the EIC. Chappell uses the Schedule C either to report income and/or expenses for a nonexistent sole proprietorship or to falsify the gross receipts and/or expenses of an existing sole proprietorship, in order to maximize his customers' EIC and generate refunds to which the customers are not entitled.

17. Chappell fabricates his customers' qualified education expenses reported on Form 8863, Education Credits, in order to permit his customers to improperly obtain the American Opportunity Credit ("AOC"), a credit limited to qualified education expenses paid for an eligible student for the first four years of higher education.

18. Chappell knowingly or recklessly misrepresents his customers' filing statuses. Chappell reports that certain customers are single or qualify for head of household status despite his actual knowledge that the customers do not qualify for those statuses. In addition, Chappell reports single or head of household status for certain customers without asking any questions to determine whether they qualify for those statuses.

19. Chappell knowingly or recklessly reports non-qualifying dependents on his customers' returns in order to maximize his customers' EIC and qualify for the Additional Child Tax Credit

("ACTC").

## Other Wrongful Acts

20.     Chappell and others at G & A have falsely placed the Preparer Tax Identification

Number ("PTIN") of George Mosley on tax returns that Mosley did not prepare.   A PTIN is the

unique identification number that the IRS assigns every paid return preparer and that must be affixed

to every return the preparer files.

21.     On November 26, 2012, an agent of the Internal Revenue Service's Criminal

Investigations division ("IRS-CI") informed Chappell that he was the target of a criminal

investigation.   In 2013, although Chappell continued to prepare tax returns for customers, he did not

use his PTIN to sign the returns but instead used Mosley's and other preparers' PTIN numbers.

22.     Chappell and others at G & A placed Mosley's PTIN on at least 184 customer returns

that were prepared and electronically filed after Mosley's November 10, 2016 death.

23.     Chappell provided at least one customer a fraudulent Form 1099-MISC to mislead an

IRS examiner during an audit.   Forms 1099 are information reports that third parties file with the IRS

to report certain payments made to or received from taxpayers.

24.     Chappell instructed at least one customer to falsely represent to an IRS-CI agent that

non-existent dependents claimed on the customer's return were the customer's girlfriend's children

for whom the customer was providing support.

25.     Chappell attempted to facilitate the sale of dependent information to at least one

customer for inclusion on the customer's tax return in order to make a false claim for the EIC, AOC, or

ACTC.

26.     Chappell repeatedly has failed to provide his customers with a full and complete copy

of their filed returns.

4

**The IRS's Investigations**

27.     On or about November 11, 2011, IRS investigators met with Chappell and other preparers at the Indianapolis-area tax preparation service for which he worked in order to determine whether the preparers had complied with the due diligence requirements imposed by the Internal Revenue Code on tax return preparers who prepare returns claiming an EIC.   The IRS refers to such meetings as "Due Diligence Visits," the goal of which is to help return preparers understand and avoid errors and improve accuracy.

28.     Chappell and Mosley worked together at another tax preparation company for processing year 2013.

29.     Chappell and Mosley founded G & A and registered the company with the Indiana Secretary of State on December 4, 2013.   Since that time, Chappell has engaged in the schemes described in paragraphs 15 through 19, above.

30.     The IRS's Lead Development Center analyzed examinations that were conducted of 340 income tax returns prepared by Chappell and Mosley (through their two previous employers and G & A) between 2011 and 2014.   Those audits were not connected to civil or criminal investigations into Chappell and Mosley.   Of the 340 tax returns, 257 were adjusted after audit, representing a total underreporting by Chappell and Mosley on behalf of their customers of $958,417.

31.     The IRS then conducted a civil investigation into the tax return practices of Chappell and Mosley by, among other things, auditing 115 tax returns that Chappell and Mosley prepared for others in 2012, 2013, 2014, and 2015.

32.     All but three of the 115 audits resulted in adjustments in favor of the United States. The customers owed additional taxes, penalties, and interest to the United States for underreporting their income, over-reporting their deductions and expenses, using improper filing statuses, and

5

wrongly claiming ineligible dependents.

33.     The IRS determined the total tax harm reflected in those 115 examined tax returns was $523,503.

34.     During the audits, the IRS determined that Chappell had engaged in the schemes described in paragraphs 15 through 19, above.

35.     The IRS assigned a Revenue Agent to further investigate Chappell and Mosley.

36.     The Revenue Agent interviewed ten of Chappell and Mosley's customers, all but one of whose returns had not been audited.

37.     Many of the interviewed customers confirmed that Chappell and Mosley, through G & A, had engaged in various combinations of the schemes described in paragraphs 15 through 19, above.

38.     Chappell's customers confirmed that, without their knowledge, he had submitted to the IRS returns that contained false or exaggerated Schedule C income and deductions, fraudulent filing statuses to facilitate the claiming of the EIC, fraudulent or exaggerated education credits, and non-existent or improperly-claimed dependents.

39.     The federal income tax returns of seven of the ten interviewed customers underreported their income, resulting in refunds to which they were not entitled.

**Chappell Knowingly and Extensively Harmed the United States**

40.     The IRS conducted a Due Diligence Visit with Chappell in 2011, and IRS-CI informed Chappell that he was under criminal investigation for improper tax return preparation practices in 2012.   Chappell was also contacted by a number of his customers prior to and after their audits and interviews with civil and criminal IRS investigators, so he was well aware that IRS was looking into his return preparation practices.

41.     Despite these warnings, Chappell and other individuals at G & A continued a pattern of

6

preparing returns that claimed EICs, AOCs, and ACTCs without exercising due diligence and that reported information they knew was materially false.

42.     The purposely fraudulent returns that Chappell has prepared and filed have caused — and continue to cause — substantial harm to the Government by falsely reducing his customers' reported tax liabilities, thereby helping taxpayers obtain refunds to which he knew they were not entitled.

43.     The audits of 340 returns prepared by Chappell and Mosley between 2011 and 2014 show a underreporting of tax due to the United States of $958,417.

44.     The civil investigation audits of just 115 returns prepared by Chappell and Mosley in 2012, 2013, 2014, and 2015 show a tax loss to the United States of $523,503.

45.     Because only a small portion of the thousands of income tax returns prepared by Chappell and other individuals at G & A have been audited or reviewed, it is likely that the tax loss to the United States from their wrongdoing far exceeds $1 million.

46.     The United States is also harmed because the IRS must devote some of its limited resources to investigating Chappell's conduct as a tax return preparer, detecting and examining inaccurate and fraudulent returns filed by Chappell and other individuals at G & A, and attempting to assess against and collect from his customers unpaid taxes and penalties, some of which may not be collectible.

### COUNT I: Injunction under I.R.C. § 7407 for Violation of I.R.C. §§ 6694 and 6695 and for Illegal, Deceptive, or Fraudulent Conduct that Interferes with Internal Revenue Code Administration

47.     The United States incorporates by reference the allegations in all preceding paragraphs as though fully set forth herein.

48.     Pursuant to I.R.C. § 7407, a court is authorized to enjoin a tax return preparer who,

among other things, engages in conduct subject to penalty under I.R.C. § 6694 or I.R.C. § 6695, or conduct subject to criminal penalty under the Internal Revenue Code, or who engages in any other fraudulent or deceptive conduct which substantially interferes with the proper administration of the internal revenue laws.

49.     I.R.C. §§ 7701(a)(1) & (36) define a "tax return preparer" as an individual, a trust, estate, partnership, association, company or corporation who prepares for compensation, or who employs one or more persons to prepare for compensation, any return or a substantial portion thereof.

50.     Chappell and G & A are tax return preparers within the meaning of I.R.C. § 7701(a)(36).

51.     I.R.C. § 6694(a) penalizes a tax return preparer if: (1) the preparer prepared a return or claim for refund that included an understatement of liability due to a position for which there was not a realistic possibility of being sustained on the merits; (2) the preparer knew (or reasonably should have known) of such position; and (3) the position was not properly disclosed or was frivolous.

52.     I.R.C. § 6694(e) defines understatement of liability to include any understatement of tax due or "overstatement of the net amount creditable or refundable."

53.     In violation of I.R.C. § 6694(a), Chappell, doing business as G & A, prepared returns for customers that understated his customers' tax liabilities and that he knew or should have known contained positions for which there was no substantial authority or for which there was no reasonable basis.

54.     I.R.C. § 6694(b) penalizes a tax return preparer who prepares a return or claim with an understatement of liability: (1) in a willful attempt to understate the liability; or (2) with a reckless and intentional disregard of rules or regulations.

55.     In violation of I.R.C. § 6694(b), Chappell, doing business as G & A, prepared tax

returns for customers that he knew or reasonably should have known contained incorrect filing statuses, false business income and expenses, false education expenses, and improper claims of dependent children, in order to understate his customers' tax liabilities.

56.     In violation of I.R.C. § 6694(b), Chappell, doing business as G & A, recklessly or intentionally disregarded rules and/or regulations by manipulating his customers' filing statuses, wage income, business income and expenses, education expenses, and dependents in order to understate his customers' tax liabilities.

57.     I.R.C. § 6695(a) penalizes a tax return preparer who, due to willful neglect, fails to furnish to the taxpayer a complete copy of the return that he prepared for the taxpayer.

58.     In violation of § 6695(a), Chappell, doing business as G & A, has repeatedly failed to provide his customers with a complete copy of their prepared return, either intentionally or due to willful neglect.

59.     I.R.C. § 6695(b) penalizes a tax preparer who fails to comply with regulations prescribed by the IRS for signing tax returns or claims for refund.

60.     In violation of § 6695(b), Chappell, doing business as G & A, has repeatedly failed to sign a return or claim for refund as required by regulations.

61.     I.R.C. § 6695(c) penalizes a tax return preparer who fails to furnish his identifying number as required by 26 U.S.C. § 6109(a)(4) on his customers' income tax returns or claim for refund.

62.     In violation of § 6695(c), Chappell, doing business as G & A, has repeatedly failed to furnish his correct identifying number on his customers' income tax returns.

63.     I.R.C. § 6695(g) penalizes a tax return preparer who fails to comply with due diligence requirements imposed by the Secretary of the Treasury with respect to determining eligibility for the

EIC and AOC.

64.     In violation of I.R.C. § 6695(g), Chappell, doing business as G & A, repeatedly failed to exercise due diligence by filing tax returns claiming EICs that reported information that he had reason to know was incorrect.

65.     In violation of I.R.C. § 6695(g), Chappell, doing business as G & A, repeatedly failed to exercise due diligence by filing tax returns claiming AOCs that reported information that he had reason to know was incorrect.

66.     An injunction against Chappell and G & A is necessary and appropriate to prevent the recurrence of Chappell's and G & A's conduct subject to penalty under I.R.C. §§ 6694 and 6695.

67.     I.R.C. § 7206(2) subjects a tax return preparer to criminal penalty if the return preparer willfully aids or assists in the preparation of or presentation under, or in connection with any matter arising under, the internal revenue laws, a return, affidavit, claim, or other document which is fraudulent or is false as to any material matter.

68.     In violation of I.R.C. § 7206(2), Chappell, doing business as G & A, willfully prepared federal income tax returns with materially false information regarding his customers' Schedule C income, marital status, dependents, and educational expenses, among other items.

69.     In violation of I.R.C. § 7206(a), Chappell, doing business as G & A, willfully aided, assisted, or advised the preparation or presentation of fraudulent or materially false documents by providing at least one customer a fraudulent Form 1099-MISC to mislead an IRS examiner during an audit.

70.     Anything less than a permanent injunction and complete bar on the preparation of tax returns for others is unlikely to stop Chappell and G & A from preparing fraudulent tax returns.

**COUNT II: Injunction under I.R.C. § 7408 for Violation of I.R.C. § 6701**

71.     The United States incorporates by reference the allegations in paragraphs 1 through 46, above, as though fully set forth herein.

72.     Pursuant to I.R.C. § 7408, a court is authorized to issue an injunction if an income tax return preparer engages in conduct subject to penalty under I.R.C. § 6701.

73.     I.R.C. § 6701 penalizes any person who (1) aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim or other document; (2) knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws; and (3) knows that such portion (if so used) would result in an understatement of the liability for tax of another person.

74.     Chappell, doing business as G & A, has engaged in conduct subject to penalty under I.R.C. § 6701 by knowingly aiding, assisting in, procuring, or advising with respect to the preparation and filing of fraudulent tax returns on behalf of customers who obtained unwarranted refunds as a result.

75.     The schemes employed by Chappell, through G & A and his prior employers, have caused — and continue to cause — substantial harm to the United States by fraudulently reducing customers' reported tax liabilities, inducing the IRS to issue fraudulent refunds, and obstructing the IRS's efforts to administer federal tax laws.

76.     The known tax loss to the United States caused by Chappell and other individuals at G & A due to fraudulent and reckless conduct with respect to just the examined and reviewed income tax returns between 2011 and 2015 is nearly $1,500,000.   The total tax loss to the United States caused by Chappell is unknown, and is likely much higher.

77.     The United States also is harmed because the IRS must devote some of its limited

resources to detecting and examining inaccurate returns filed by Chappell and other individuals at G & A, and to attempting to assess and collect unpaid taxes from his customers.

78.     An injunction against Chappell and G & A is necessary and appropriate to prevent the recurrence of Chappell's conduct subject to penalty under I.R.C. § 6701.

## COUNT III: Injunction under I.R.C. § 7402(a) for Unlawful Interference with Enforcement of the Internal Revenue Laws and Appropriateness of Injunctive Relief

79.     The United States incorporates by reference the allegations in paragraphs 1 through 46, above, as though fully set forth herein.

80.     Pursuant to I.R.C. § 7402(a), a court is authorized to issue orders of injunction as may be necessary or appropriate to enforce the internal revenue laws.

81.     I.R.C. § 7402(a) expressly provides that its injunction remedy is "in addition to and not exclusive of" other remedies for enforcing the internal revenue laws.

82.     Chappell's activities described above, through his prior employers and through G & A, substantially interfere with the enforcement of the internal revenue laws because he prepares and files numerous fraudulent tax returns that resulted in customers not paying their true federal tax liabilities and in receiving tax refunds to which they were not entitled.

83.     Chappell has shown that he should not be allowed to continue to prepare tax returns because he has deliberately played the "audit lottery" on behalf of his customers.   By manipulating the income and expenses on Schedule C and knowingly providing false filing statuses and dependency exemptions for which his customers are not entitled – all items for which there is no independent third-party reporting – Chappell has selected schemes that the IRS can detect only by auditing returns or interviewing his customers.   Because Chappell knows that the IRS lacks the resources to audit every return that includes these schedules, Chappell is actively subverting the American tax system, which relies on taxpayers to self-report their income and expenses fully and accurately.

84.     Chappell also has actively thwarted the investigation into his wrongdoing by preparing tax returns using the PTINs assigned to other individuals, including George Mosley; by encouraging at least one customer to provide false information to IRS investigators; by providing false documents to at least one customer to present during IRS audit; and by coaching at least one customer to make false statements to the IRS.

85.     An injunction prohibiting Chappell and G & A from preparing or assisting in the preparation of tax returns is needed to stop him from preparing and filing fraudulent tax returns and to prohibit him from otherwise interfering with the proper administration and enforcement of the internal revenue laws now and in the future.

86.     If Chappell and G & A are not enjoined, the United States will suffer irreparable harm from the underpayment of taxes and the exhaustion of resources to enforce the internal revenue laws.

87.     The public interest would be advanced by enjoining Chappell and G & A because an injunction will stop his illegal conduct and the harm that conduct is causing the United States Treasury and the public.

88.     An injunction under I.R.C. § 7402 is necessary and appropriate, because the United States has no adequate remedy at law.

**WHEREFORE**, the United States of America prays for the following:

A.     That the Court find that Chappell, through G & A, has repeatedly engaged in conduct subject to penalty under I.R.C. §§ 6694 and 6695, and in other fraudulent or deceptive conduct that substantially interferes with the proper administration of the tax laws; and in conduct subject to criminal penalty; that, pursuant to I.R.C. § 7407, an injunction merely prohibiting conduct subject to penalty under I.R.C. §§ 6694 and 6695, or other illegal, fraudulent, or deceptive conduct, would be insufficient to prevent his interference with the proper administration of the tax laws; and that

13

Chappell should be permanently enjoined from acting as a tax return preparer;

      B.     That the Court find that Chappell and G & A have engaged in conduct subject to penalty under I.R.C. § 6701, and that injunctive relief under I.R.C. § 7408 is appropriate to prevent a recurrence of that conduct;

      C.     That the Court find that Chappell has interfered with the enforcement of the internal revenue laws and that injunctive relief is appropriate to prevent the recurrence of that conduct pursuant to I.R.C. § 7402(a);

      D.     That this Court, pursuant to I.R.C. §§ 7402(a), 7407, and 7408, enter a permanent injunction enjoining Chappell and G & A, their officers, agents, servants, employees, and attorneys, and anyone in active concert or participation with them, from directly or indirectly:

          1.   Preparing or assisting in the preparation of federal tax returns, amended returns, and other related documents and forms for others;

          2.   Advising, counseling, or instructing anyone about the preparation of a federal tax return;

          3.   Filing or assisting in the filing of a federal tax return for others;

          4.   Owning, managing, controlling, working for, or volunteering for a tax-return preparation business;

          5.   Advertising tax return preparation services through any medium, including the internet and social media;

          6.   Maintaining, assigning, holding, using, or obtaining a Preparer Tax Identification Number (PTIN) or an Electronic Filing Identification Number (EFIN);

          7.   Representing customers in connection with any matter before the IRS;

          8.   Employing any person to work as a federal income tax return preparer;

9. Referring any customer to a tax preparation firm or a tax return preparer, or otherwise suggesting that a customer use any particular tax preparation firm or tax return preparer; and/or

10. Engaging in any conduct that substantially interferes with the administration and enforcement of the internal revenue laws.

E.      That this Court, pursuant to I.R.C. §§ 7402(a), 7407, and 7408, enter a permanent injunction enjoining Chappell and G & A, their officers, agents, servants, employees, and attorneys, and anyone in active concert or participation with him or with them, from directly or indirectly operating a business that prepares federal tax returns;

F.      That the Court enter an order requiring Chappell to prominently post a copy of its permanent injunction (with dimensions of at least 12 by 24 inches) at all locations where G & A conducts business;

G.      That the Court, pursuant to I.R.C. §§ 7402(a), 7407, and 7408, enter an order requiring Chappell to produce to counsel for the United States, within 30 days of the Court's order, a list that identifies by name, social security number, address, email address, and telephone number and tax period(s) all persons for whom he and G & A prepared federal tax returns or claims for a refund, for processing years beginning in 2013 and continuing through this litigation;

H.      That the Court, pursuant to I.R.C. §§ 7402(a), 7407, and 7408, enter an order requiring Chappell, within 30 days of receiving the Court's order, to contact by U.S. mail and, if an email address is known, by email, all persons for whom Chappell and G & A have prepared federal tax returns, amended tax returns, or claims for refund since January 2013, as well as all employees or independent contractors he or G & A has had since January 2013, and to inform them of the permanent injunction entered against him and G & A by sending each of them a copy of the order of permanent

15

injunction, with no other enclosures unless approved by the Department of Justice;

I.      That the Court, pursuant to I.R.C. §§ 7402(a), 7407, and 7408, enter an order

requiring Chappell, within 45 days of receiving the Court's order, to file a declaration, signed under

penalty of perjury, confirming that he has received a copy of the Court's order and complied with the

terms described in paragraphs F and H of this Complaint; and

J.      That this Court grant the United States such other relief as the Court deems appropriate.

Dated: March 22, 2018                    RICHARD E. ZUCKERMAN
                                         Principal Deputy Assistant Attorney General

                                         /s/ Jordan A. Konig
                                         JORDAN A. KONIG
                                         Trial Attorney, Tax Division
                                         Post Office Box 55
                                         Ben Franklin Station
                                         Washington, D.C. 20044
                                         Telephone: (202) 305-7917
                                         Fax: (202) 514-5238
                                         Email: Jordan.A.Konig@usdoj.gov

                                         Of Counsel:

                                         JOSHUA MINKLER
                                         United States Attorney

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff    n/a
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jordan A. Konig, U.S. Department of Justice, Tax Division
P.O. Box 55, Washington DC 20044, (202) 305-7917

## DEFENDANTS

Antonio Chappell and G & A Tax Service LLC

County of Residence of First Listed Defendant    Marion
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government Plaintiff

☐ 2   U.S. Government Defendant

☐ 3   Federal Question
    *(U.S. Government Not a Party)*

☐ 4   Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

### CIVIL RIGHTS
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### PRISONER PETITIONS
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☒ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 USC 7402, 7407, and 7408

Brief description of cause:
Suit to enjoin tax preparer

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $   injunctive relief

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE 03/22/2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ Jordan A. Konig

### FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | )     Civil Action No.  1:18-CV-943 |
| | ) |
| ANTONIO CHAPPELL and | ) |
| G & A TAX SERVICE LLC | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Antonio Chappell
                                   4721 North Franklin Road
                                   Indianapolis, Indiana 46226

        A lawsuit has been filed against you.

        Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Jordan A. Konig
                                               Trial Attorney
                                               Department of Justice Tax Division
                                               P.O. Box 55
                                               Washington, DC  20044

        If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____

_____
                                    _Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  1:18-CV-943

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.   1:18-CV-943 |
| ANTONIO CHAPPELL and | ) | |
| G & A TAX SERVICE LLC | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  G & A Tax Service LLC
4721 North Franklin Road
Indianapolis, Indiana 46226

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Jordan A. Konig
Trial Attorney
Department of Justice Tax Division
P.O. Box 55
Washington, DC  20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  1:18-CV-943

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____                          _____
                                                        *Server's signature*

                                               _____
                                                      *Printed name and title*

                                               _____
                                                        *Server's address*

Additional information regarding attempted service, etc: